### W. D. HEATH v. THE STATE.

No. 3323.  Decided December 6, 1905.

**Forgery—Indictment—Manuscript—Signature—Swindling.**

Under article 533, Penal Code, which provides that the signature in forgery when made otherwise than by writing must be made to resemble manuscript, evidence that the signature as stated was not in writing and did not resemble manuscript but was printed in bold type, does not sustain a conviction for forgery, and might sustain one for swindling.

Appeal from the District Court of Nacogdoches.  Tried below before Hon. James I. Perkins.

Appeal from a conviction of forgery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*King & King,* for appellant.—On the question of forged instruments: Anderson v. State, 20 Texas Crim. App., 598; Hendricks v. State, 26 Texas, 176; 2 Blackstone book, 4,203.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of uttering a forged instrument, and his punishment fixed at confinement in the penitentiary for a term of five years. The instrument appellant is charged with having uttered is, to the tenor, following, to wit:

"M. Peterson's cotton yard, Cushing, Texas.
Dec. 2, 1903.
Received of R. W. Nelson, by ........ 1 B. c. marks      Number
R. W. N.      28
Weight      Remarks
587      ..........
M. Peterson."

The record before us shows that the signature "M. Peterson" was neither made in writing nor to resemble manuscript, but was printed upon the receipt in bold type, and was placed there by the printers, who had printed the receipts for said Peterson. To constitute this instrument the subject of forgery, it is absolutely necessary that the same be signed in writing, or signed in such a manner as to resemble manuscript. This conclusion irresistibly follows from the latter clause of article 533, Penal Code, which defines what an "instrument in

writing" is within the definition of forgery, to wit: "In order to come within the definition of forgery, the signature when made otherwise than by writing must be made to resemble manuscript." The signature, as stated, was not in writing, nor did the same resemble manuscript, but is printed in bold type, and in no sense comes within the definition of manuscript. It appears from the evidence that appellant took the blank cotton yard receipt of M. Peterson, and filled in the words above set out—the heading of said receipt being printed, as well as the M. Peterson at the bottom thereof. However much it may be insisted that the moral effect of appellant's action is the same as if he had written the words M. Peterson at the bottom of the receipt, yet this moral effect cannot control a plain provision of the statute, which expressly provides that the signature must be in writing or must be made to resemble manuscript. It follows, therefore, that the instrument in question is not the subject of forgery. Under the facts as developed in this case, appellant could properly and legally be prosecuted for swindling, but, under the peculiar phraseology of our forgery statute, he cannot be prosecuted for forgery.

The judgment is accordingly reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*